## Hosler v. Kush

*Thomas J. Grover*, for plaintiff; *Max Rosenn*, for defendant.

COUGHLIN, J., May 6, 1933.—The defendant obtained a rule to quash a writ of replevin, averring that plaintiff obtained the issuance of the writ without

having complied with the provisions of the Act of April 19, 1901, P. L. 88, its amendments and supplements, by filing with the prothonotary an affidavit as to the value of the property described in the writ. Upon the return of the rule, it was frankly admitted that no such affidavit of value had been filed. Such being the case, we are of the opinion that the court has no alternative but to quash the writ.

The Act of 1901 provides that, before any writ of replevin is issued, the person applying for the writ shall file his bond with the prothonotary of the court. Section 8 of said act, as amended by the Act of March 19, 1903, P. L. 39, sec. 2, provides that the prothonotary shall, in the first instance, fix the amount of bail and approve or reject the security offered. His action is reviewable by the court. Said section further provides as follows:

"In order to determine the amount of bail, the plaintiff shall make an affidavit of the value of the goods and chattels, which value shall be the cost to the defendant of replacing them, should the issue be decided in his favor."

The reason for this provision is obvious. The bond takes the place of the goods; the prothonotary is to fix the amount thereof. The act provides that the amount shall be double the value of the goods; as the statute in express language states, the affidavit is to be made in order to determine the amount of the bail.

As provided in the first section, the writ cannot issue without the filing of the bond. In construing the statute according to the legislative intent, it must be construed as a whole. It has been decided in this court that, "the intention of the legislature evidently was to prohibit the issue of a writ of replevin without the execution and filing by the plaintiff, as a condition precedent, of a bond based upon an affidavit." If this be correct, the making of the affidavit is a statutory prerequisite of the power of the prothonotary to issue the writ: Ammerman et al. v. Stone, 11 Dist. R. 726.

We have been referred to no appellate decision contra and this appears to be the law as heretofore laid down by our court. Therefore, the rule to quash the writ is made absolute.     From Frank P. Slattery, Wilkes-Barre, Penna.